UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| BRITTANY IRISH, Individually and as Personal Representative of the Estate of KYLE HEWITT, and KIMBERLY IRISH,<br><br>    Plaintiffs,<br><br>            v.<br><br>DETECTIVE JASON FOWLER, DETECTIVE MICAH PERKINS, and SARGENT DARRIN CRANE,<br><br>    Defendants. | CIVIL ACTION NO.: 1:15-cv-00503-JAW |

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

Now come the defendants, Detective Jason Fowler, Detective Micah Perkins and Sargent Darrin Crane, and answer plaintiffs' Second Amended Complaint as follows:

1. Defendants admit the allegations made in the first sentence of this paragraph and deny the allegations made in the second sentence of this paragraph.[1]

2. Defendants admit the allegations made in this paragraph.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

5. Defendants admit the allegations made in this paragraph.

6. Defendants admit the allegations made in this paragraph.

---

[1] Paragraph 1 is preceded by a paragraph entitled "Summary of Claims." To the extent a response to this paragraph is necessary, defendants deny that defendants created dangers, failed to protect plaintiffs from dangers, or violated any "special duty."

7. Defendants incorporate by reference their responses to the above paragraphs as if set forth fully herein.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

21. Defendants admit the allegations made in the first sentence of this paragraph.  With respect to the second sentence of this paragraph, defendants deny that it was Ms. Irish who initially contacted the Bangor Police Department and defendants instead state that it was either Kyle Hewitt or Amber Adams who initially contacted the Bangor Police Department.  Defendants admit that Ms. Irish met with an officer from the Bangor Police Department and told the officer that she had been sexually assaulted by Mr. Lord, but deny that this meeting occurred after Ms. Irish had a rape kit evaluation done at a local hospital.  With respect to the third sentence, defendants admit that the officer from the Bangor Police Department referred Ms. Irish to the Maine State Police but deny that it was because "the abduction and sexual assaults occurred in two separate counties."  With respect to the fourth sentence, defendants deny that they "asked Brittany Irish to drop off a written statement the next day."  Rather, Defendant Perkins asked Ms. Irish to complete a written statement when he met with her at St. Joseph's Hospital on July 15, 2015, but Ms. Irish stated that she was tired and did not wish to complete a statement at that time.  Subsequently, Ms. Irish stated that she would complete a statement after Defendant Perkins left and would meet with Defendant Perkins the following day.  When Ms. Irish

arrived the next day to meet with Defendant Perkins, she had not yet completed a written statement.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of this paragraph and therefore deny same.  With respect to the second sentence, defendants admit that Ms. Irish told them that Anthony Lord wanted to meet with her "in person" and otherwise deny the allegations made in this sentence.  With respect to the remaining sentences in this paragraph, defendants admit that Ms. Irish stated that she could get Mr. Lord to meet somewhere as long as "someone" was with her and otherwise deny the allegations made in this sentence.

24. Defendants deny the allegations made in this paragraph.

25. Defendants deny the allegations made in this paragraph.

26. Defendants admit that Defendant Perkins left a voice message for Mr. Lord and otherwise deny the allegations made in this paragraph.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

30. Defendants admit the allegations made in this paragraph.

31. Defendants deny the allegations made in this paragraph.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

33. Defendants admit that Ms. Irish requested that troopers be placed at her mother's home for the night, that Defendant Perkins relayed this request to Defendant Crane, that Defendant Crane instructed Defendant Perkins to tell Ms. Irish that the State Police were actively searching for Mr. Lord and did not have the manpower to station troopers at the residence, and that Defendant Perkins conveyed this message to Ms. Irish. Defendants otherwise deny the allegations made in this paragraph.

34. Defendants deny the allegations made in this paragraph.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny same.

36. Defendants deny the allegations made in this paragraph.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Kyle Hewitt and Brittany Irish were asleep, that Kimberly Irish was "grievously wounded," and that Brittany Irish was "abducted" and therefore deny same. Defendants otherwise admit the allegations made in this paragraph.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Brittany Irish was a "hostage" in Mr. Lord's vehicle, that Mr. Lord drove "southerly," and that Mr. Lord "engaged in a shoot-out" and therefore deny same, and otherwise admit the allegations made in this paragraph.

39. Defendants admit that Mr. Lord was prosecuted on various charges arising out of his conduct and that he subsequently entered a guilty plea.

40. Defendants incorporate by reference their responses to all of the above paragraphs as if set forth fully herein.

41. Defendants deny the allegations made in this paragraph.

42. Defendants deny the allegations made in this paragraph.

43. Defendants deny the allegations made in this paragraph.

44. Defendants deny the allegations made in this paragraph.

45. Defendants deny the allegations made in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Defendants' conduct did not violate any clearly established statutory or constitutional right of which a reasonable person in defendants' position would have known, and defendants are thus entitled to qualified immunity.

3. Plaintiffs' claims are barred in whole or in part by sovereign immunity, the Eleventh Amendment, or both.

4. Plaintiffs' injuries resulted solely and exclusively from the acts of third parties over which defendants had no control.

5. Plaintiffs' alleged injuries were proximately caused by an independent and efficient intervening cause, and not by any conduct of the defendants.

.

DATED:  November 30, 2017          Respectfully submitted,

          JANET T. MILLS
          Attorney General

          /s/ Christopher C. Taub
          Christopher C. Taub, Asst. Atty. Gen.
          Christopher.C.Taub@maine.gov
          Six State House Station
          Augusta, Maine  04333-0006
          Tel.  (207) 626-8800
          Fax (207) 287-3145

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 30th day of November, 2017, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David Van Dyke, Esq.
dvandyke@hlrvd.com

To my knowledge, there are no non-registered parties or attorneys participating in this case.

          /s/ Christopher C. Taub
          Christopher C. Taub, Asst. Atty. Gen.
          Six State House Station
          Augusta, Maine  04333-0006
          Tel.  (207) 626-8800
          Fax (207) 287-3145
          Christopher.C.Taub@maine.gov